## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 01 2020, 10:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronell Roberts
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronell L. Roberts, *Appellant-Petitioner,* | April 1, 2020 |
| | Court of Appeals Case No. 19A-CR-1452 |
| v. | Appeal from the Cass Superior Court |
| State of Indiana, *Appellee-Respondent* | The Honorable Richard Maughmer, Judge |
| | Trial Court Cause No. 09D02-1807-PC-5 |

**Vaidik, Judge.**

# Case Summary

[1] In July 2018, the post-conviction court summarily denied Ronell L. Roberts's pro se petition for post-conviction relief "due to [its] inadequacy" but did not serve him with notice that his petition was denied. After filing numerous letters and motions with the court asking about the status of his case and getting unclear responses, Roberts filed a motion to reopen/reinstate his petition in May 2019. Because the State concedes that it is "unable to ascertain any inadequacy in [Roberts's] petition" and that the court erred in summarily denying it, we remand this case to the post-conviction court with instructions to reinstate Roberts's petition and proceed according to the post-conviction rules. We therefore reverse and remand.

# Facts and Procedural History

[2] In 2017, Roberts was convicted of Level 2 felony dealing in cocaine and Class A misdemeanor dealing in marijuana and sentenced to thirty-one years. He appealed to this Court, and we affirmed. *See Roberts v. State*, No. 09A05-1702-CR-283 (Ind. Ct. App. July 31, 2017). On July 25, 2018, Roberts filed a pro se petition for post-conviction relief, alleging ineffective assistance of trial and appellate counsel. He also filed requests for production to numerous individuals. The next day, July 26, the post-conviction court stamped

"DENIED" on Roberts's proposed order.[1]  Appellant's App. Vol. II p. 28.  A CCS entry for July 26 says, "Order—DENIED," without specifying what was denied.  *Id.* at 3.  As the State acknowledges on appeal, "The record does not reveal or indicate that [Roberts] was served with the notice of the denial of his petition."  Appellee's Br p. 6; *see also id.* at 10.

[3]  Thereafter, Roberts filed numerous letters and motions with the post-conviction court, all of which indicate that he did not know his petition had been denied. For example, on January 30, 2019, Roberts filed a motion asking the court for the status of his case.  Roberts explained that the CCS showed that his case was "active," he had not received an answer from the State,[2] and the court had not ordered the State to respond to his petition.  He asked the court for "direction . . . as to the Status of the Petition . . . as well as direction on the additional filings . . . ."  09D02-1897-PC-5 (Jan. 30, 2019).  In response, the court sent Roberts a CCS.  The CCS, which said "Pending" at the top, contained the July 26 "Order—DENIED" entry.  09D02-1897-PC-5 (Jan. 30, 2019).  However, as the State acknowledges on appeal, the CCS entry is not specific as to what was denied and therefore Roberts would not have necessarily known that his

---

[1] The proposed order on which the court stamped "DENIED" was not an order on the merits of Roberts's petition.  Rather, the proposed order simply stated that the clerk shall serve a copy of the petition on the State and the State shall respond to the petition within thirty days.  *See* Appellant's App. Vol. II p. 28.  Roberts says he received a copy of his proposed order with "DENIED" stamped on it but that he didn't know whether his "whole" petition had been denied.  *See* Appellant's Br. p. 7.

[2] According to the State, it never received Roberts's petition and therefore did not file an answer.  *See* Appellee's Br. p. 12.

petition had been denied. Then, on March 13, Roberts wrote the court asking if an evidentiary hearing had been scheduled. 09D02-1897-PC-5 (Mar. 13, 2019). The next day, March 14, the court made the following CCS entry: "This post conviction relief was closed July 25, 2018[3] without hearing due to the inadequacy of the petition." Appellant's App. Vol. II p. 4. As the State acknowledges on appeal, "The entry from March 14, 2019, also does not specify any kind of service to" Roberts. Appellee's Br. p. 10.

[4] On May 8, Roberts again wrote the post-conviction court expressing confusion about the status of his case. In the letter, Roberts said that the CCS the court sent him on January 30 said that his petition was still "active" and "pending"; however, Roberts noted that sometime "in the month of March" he accessed the CCS from the prison library and saw the March 14 entry that said "[t]his post conviction relief was closed July 25, 2018 without hearing due to the inadequacy of the petition." 09D02-1897-PC-5 (May 8, 2019). Roberts asked the court if the March 14 entry was made in error since he had not received notice that his petition had been denied. The court did not respond to Roberts's letter.

[5] On May 23, Roberts sent a letter to the clerk "seeking to get some clarity" about the status of his case because the court had neither sent him an order denying his petition nor explained why his petition was inadequate. 09D02-1897-PC-5

---

[3] The March 14 CCS entry says the case was closed on July 25, but the CCS entry "Order—DENIED" was made on July 26.

(May 23, 2019). Along with the letter, Roberts filed a "Motion to Reopen/Reinstate Post-Conviction Relief," alleging that the court did not send him an order denying his petition and asking the court to reinstate his petition. Appellant's App. Vol. II p. 30. The post-conviction court denied Roberts's motion that same day.

[6] Roberts now appeals.

# Discussion and Decision

[7] Roberts argues that the post-conviction erred in summarily denying his petition and therefore should have granted his motion to reopen/reinstate his petition. The State admits it is "unable to ascertain any inadequacy in [Roberts's] petition," Appellee's Br. p. 10 n.2, and agrees the court erred in summarily denying it. The State notes that Indiana Post-Conviction Rule 1(4) provides two ways that a court can summarily deny a petition. Specifically, Post-Conviction Rule 1(4)(f) provides that "[i]f the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Post-Conviction Rule 1(4)(g) provides that "[t]he court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." The State says that neither rule has been satisfied in this case:

Here, the summary disposition in this case appears not to have relied upon either of the above two grounds for a summary dismissal. There were no pleadings. Indeed, the State has yet to answer, and, it appears, be served. Nothing in the record indicates that the State has had anything to do with this process up to this point. The post-conviction court's entry in the docket, explaining the denial, states only that the cause was closed "Without hearing due to the inadequacy of the petition." However, no order in the Appendix indicates the specific "inadequacy." The petition itself argues ineffective assistance of counsel, and [Roberts] did not raise a claim of ineffectiveness of trial counsel in his direct appeal. The petition was not a successive petition and it is verified.

Appellee's Br. pp. 12-13 (citations omitted). Given this concession by the State, we remand this case to the post-conviction court with instructions to reinstate Roberts's petition and proceed according to the post-conviction rules.[4]

---

[4] The State asserts that Roberts's May 23, 2019 motion to reopen/reinstate should be treated as a motion under Indiana Trial Rule 72(E), which provides, in pertinent part:

> When the service of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

The State contends that we "should remand this cause to the post-conviction court so that it can determine when [Roberts] obtained actual knowledge of the summary denial of his petition, and whether he is entitled to relief under Trial Rule 72(E)." Appellee's Br. p. 8. We believe that remand for proceedings under Trial Rule 72(E) would be a waste of time and resources. The State acknowledges that Roberts did not receive notice when his petition was denied on July 26, 2018. On January 30, 2019, Roberts filed a motion asking the court for the status of his case, and the court sent him a CCS that said his case was "Pending." On March 13, Roberts wrote the court asking if an evidentiary hearing had been scheduled, and the court then made a CCS entry that the case had been closed on July 25 due to the inadequacy of Roberts's petition. As the State acknowledges, Roberts did not get notice of this entry. On May 8, Roberts again wrote the court, asking if the March 14 entry was made in error since he had not received notice that his petition had been denied; however, the court did not respond to Roberts's letter. On May 23, the same day Roberts filed his motion to

Reversed and remanded.

May, J., and Robb, J., concur.

---

reopen/reinstate, Roberts wrote the clerk asking about the status of his case because the court had neither sent him an order denying his petition nor explained why his petition was inadequate. Given these serious procedural failings, it cannot be said that Roberts had "actual knowledge" that his petition had been denied even when he filed his motion to reopen/reinstate on May 23. For that reason, and in light of the State's concession that the post-conviction court erred in summarily denying Roberts's petition, remand for further proceedings on that petition is the appropriate course of action.